⊙AO91 (Rev. 12/03) Criminal Complaint

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
SEP 11 2009
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

Middle DISTRICT OF Tennessee

UNITED STATES OF AMERICA
V.

CHRISTOPER CONYERS

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: **09-1057 MG**

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about September 11, 2009 (Date) in Davidson County, in the Middle District of Tennessee defendant(s) did,

(Track Statutory Language of Offense)
Count One: having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Sphinx US 3000 9mm semiautomatic handgun.
Count Two: having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, anmunition, to wit: 9mm Luger ammunition

in violation of Title **18** United States Code, Section(s) **922(g)(1) and 924**.

I further state that I am a(n) Special Agent, FBI (Official Title) and that this complaint is based on the following facts:

See attached Statement in Support of Criminal Complaint incorporated herein.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_Nathan Opie_
Signature of Complainant

NATHAN OPIE, SA, FBI
Printed Name of Complainant

Sworn to before me and signed in my presence,

9/11/2009 at Nashville, Tennessee
Date                              City                State

JULIET GRIFFIN        U.S. MAGISTRATE
Name of Judge         Title of Judge        Signature of Judge

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nathan Opie, being first duly sworn on oath, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed for approximately three years.

2. This affidavit is submitted in support of a criminal complaint for the arrest of CHRISTOPHER CONYERS for being a convicted felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation and information provided to me by other law enforcement officials. Where conversations are related herein, they are related in substance and in part. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of CHRISTOPHER CONYERS.

4. On September 10, 2009, other agents and I executed a federal search warrant at 310 Arrington Street, Nashville, TN in the Middle District of Tennessee. Agents had observed CONYERS at that residence, and that residence is listed in drivers license and criminal history records as CONYERS' residence. CONYERS was present at the residence when the search warrant was executed. Agents advised CONYERS of his Miranda rights orally and in writing, and he waived those rights.

5. Agents searched a vehicle that an agent saw Conyers driving. That vehicle, a Chevy Caprice, was parked on the street in front of 310 Arrington Street. CONYERS admitted that this was his vehicle, that he had exclusive control of that vehicle, and that he had purchased the vehicle shortly after he was released from prison (July 1, 2009 according to criminal history records). Agents recovered 33 rounds of Federal 9mm Luger ammunition from the trunk of that car. These bullets were in a cardboard ammunition box which showed the bullets were manufactured outside Tennessee. CONYERS initially and repeatedly stated that he found those bullets in the trunk of that car after purchasing the car, that he moved them to the door pocket of the car, and that he intended to sell the bullets later. CONYERS repeatedly claimed that he had not had a firearm since being released from prison, but admitted that he had previously possessed various firearms including handguns and an SK (an assault type firearm).

6. CONYERS admitted that he was a multi-convicted felon with convictions for drug felonies and for felony evading. Records obtained from the Davidson County Criminal Court Clerk's website show that CONYERS is a convicted felon, and officers have verified that CONYERS is currently on state felony probation.

7. Your affiant found a 9mm Sphinx US 3000 semiautomatic handgun, which is marked as being made in Switzerland, under the driver's seat of a white minivan in the backyard of 310 Arrington. The firearm contained a large capacity magazine which was loaded with 11 hollow point bullets as well as 5 bullets which matched the bullets found in the trunk of the Caprice. After this firearm was

found, CONYERS admitted he had purchased the firearm for $300, and that he keeps that gun under the front seat of the van where your affiant found it. He stated that he had actually bought the ammunition found in the Caprice at Gun City instead of having found the ammunition in the trunk of the Caprice as he had been claiming.

8. Agents have recorded conversations in which CONYERS discusses with Jamal Shakir whether CONYERS should go "heated" to a gang related meeting in Memphis on 9/9/09. This meeting was to be a gathering of Rollin' 90s Crips which Jamal Shakir was organizing into three wings (leadership, money getters, military). Letters written by Shakir to CONYERS were intercepted at the Criminal Justice Center where Shakir is housed, and other letters from Shakir to CONYERS were also recovered at CONYERS residence. These letters discuss ongoing plots to commit murders, kidnaping, firebombing, and continued drug dealing and money laundering, as well as plans to purchase or otherwise obtain a helicopter which agents have learned was to be used in an escape attempt. Shakir was convicted in a lengthy capital jury trial of various federal felonies, including conducting a continuing criminal enterprise, firearms offenses, money laundering offenses, and violent crimes, including multiple murders. The proof at trial tied Shakir to the Rollin' 90s Crips in Los Angeles, and the jury found Shakir was the principal leader of the criminal enterprise and was involved in over 150 kilograms of cocaine. Shakir's jury was unable to reach a unanimous verdict as to the penalty to be imposed. Shakir is facing multiple mandatory life sentences when he is sentenced, but has filed a motion for new trial which is pending before the district court.

9. An ATF Firearms Interstate Nexus Expert has been provided the description of the ammunition and firearm described above. The ATF Firearms Interstate Nexus expert determined the firearm is a firearm, as defined by 18 U.S.C. § 921(a)(3), and that neither the ammunition nor the firearm was manufactured in the state of Tennessee; and, therefore, at some point in time, traveled in and affected interstate or foreign commerce.

10. All of the described events occurred in Davidson County, located in the Middle District of Tennessee.

_____
NATHAN OPIE
Special Agent
Federal Bureau of Investigation

Subscribed and Sworn to before me this 11th day September, 2009.

_____
JULIET GRIFFIN
United States Magistrate Judge
Middle District of Tennessee